## ELKINS vs CANFIELD.

APPEAL from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The defendant, on his suggestion that Hazard and Lloyd having gone to sea, have not been heard of for eight months, and believes them to be lost, and have no relation here, nor any person to take care of their estate, obtained letters of curatorship.

Afterwards, the plaintiff filed his petition in the court of probates, suggesting that the letters of curatorship had been granted without the proof or allegation of the circumstances, on which the court is authorised to grant them; that the legal formalities have not been observed, nor the proper security given; and that the plaintiff, a creditor of Hazard, instituted a suit against the latter, by attachment, in which the defendant was cited as a garnishee, in the district court—that the defendant's appointment as curator greatly impedes the plaintiff's progress in his suit in the district court; therefore, the plaintiff prayed that the defendant might be cited, and his letters revoked.

Eastern Dis'ct March, 1827.

If letters of curatorship be granted without legal citation, they will be annulled at the suit of any person interested.

The answer denies the plaintiff's right, thus collaterally to examine a judgment of the court of probates, which can only be reversed on an appeal; and avers, that the defendant is a creditor of Hazard, to a larger amount than the plaintiff.

It was admitted that Hazard was a citizen of the state of New York, and has a family there, and the plaintiff is his creditor for $520, and brought a suit by attachment, which is still pending in the circuit court, and the sheriff was cited as a garnishee therein—that a policy of insurance for $1000 was effected by the defendant, that he has inventoried it as the property of Hazard, and the judgment obtained thereon in the parish court for the account and benefit of Hazard.

The court of probates dismissed the petition and the plaintiff appealed.

The record shows, that one of the most important formalities, viz:—the notice which the law requires to be published as a citation to all parties interested, was omitted.

This notice or citation, the necessity of which (if the law was absolutely silent in this respect) would certainly be implied, is expressly required by the *code of practice, art.*

966; and we cannot assent to the proposition of the judge *a quo*, that this important direction ought to be disregarded in the case of an application for letters of curatorship on the estate of an absentee, because it is not to be found among the provisions relating to vacant estates, and absent heirs—much less, because it is not found in the French translation accompanying the text. Every law of this state is, by the constitution of the state, to be preserved in the *national* language; and when the legislature uses the French, their expressions in that language cannot control, but must be controlled by, what they have ordered in the former.

The plaintiff, then, a creditor of the estate whose rights are affected by, and who had a right to prevent the grant of letters of curatorship, was one of those whom the law directed to be cited by a public notice.

The absence of a citation under the *code of practice, art.* 606, gives to the party who has a right to receive it, that of demanding that the judgment which intervenes be declared null; and this he may demand from the tribunal who gave the judgment. This is what the plaintiff appears to have wished to have done

EasternDis't
March, 1827

ELKINS
vs.
CANFIELD.

in the case before us; and we think the judge erred in rejecting his claim.

It is therefore, ordered, adjudged and decreed, that the judgment of the court of probates be annulled, avoided and reversed, and that the letters of curatorship granted to the defendant, on the estate of Hazard, be cancelled and revoked, and that he pay costs in both courts.

*Slidell* for the plaintiff, *Hoffman* for the defendant.